**Steve D. Larson,** OSB No. 863540
Email: slarson@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

[Additional counsel listed on signature page]

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MICHAEL LEIKER, individually and on behalf of all other similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>BEHR PROCESS CORP.; BEHR PAINT CORP.; MASCO CORP.; THE HOME DEPOT, INC.; and HOME DEPOT U.S.A., INC.,<br><br>    Defendants. | Case No. 3:17-cv-01909<br><br>**CLASS ACTION ALLEGATION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>JURY TRIAL DEMANDED |

Plaintiff MICHAEL LEIKER, individually and on behalf of all others similarly situated,

by and through undersigned counsel, allege as follows.

## NATURE OF CASE

1.    Millions of Americans have wooden decks and concrete surfaces outside their

homes. The surfaces require periodic maintenance not only to maximize their useful life, but also

to keep up their appearance. Traditionally, homeowners apply paints or stains on their decks and

{SSBLS Main Documents/8963/001/00682266-1 }
Page 1 -  **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

patios to provide a decorative and protective barrier from the elements and to minimize wear and tear.

2.    In 2013, Behr, through a national marketing campaign, released a new patio and deck product, exclusively through Home Depot, branded as DeckOver. Behr and Home Depot represented to homeowners that DeckOver was worth its premium price (3-5 times more expensive than ordinary paints and stains) because it was a more durable coating (5 times thicker) and it could repair decks by filling in cracks and stopping splinters.

3.    But DeckOver is not durable or long-lasting. Instead, within mere months of application, DeckOver begins to flake, peel, and separate from deck and concrete surfaces. Thus, rather than providing homeowners with a premium option for reducing maintenance work and improving the look and performance of their patios and decks, DeckOver performs worse than cheaper options and requires hours of scraping, scrubbing, and sanding to remove it (with some homeowners resorting to replacing their decks entirely).

4.    Plaintiff brings this class action suit on his own behalf and on behalf of others similarly situated under Oregon consumer protection statutes and the laws of Oregon. Plaintiff seeks an order forcing Behr and Home Depot to stop their deceptive conduct and to provide appropriate remuneration to affected consumers.

## JURISDICTION AND VENUE

5.    This Court has subject-matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332 (a) and (d), because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and more than two-thirds of the members of the proposed class are citizens of states different from that of the Defendants Behr Process Corp., Behr Paint Corp., Masco Corp., The Home Depot, Inc., and Home Depot U.S.A., Inc.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

6.    Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants' improper conduct alleged in this complaint occurred in, was directed from, and/or emanated from this judicial district, and because plaintiff is resident of this District.

## PARTIES

7.    Plaintiff Michael Leiker is a resident of Columbia County, and a citizen of the State of Oregon.

8.    Defendants Behr Process Corporation and Behr Paint Corporation are California corporations, with their principal place of business in California. Both Behr Process Corporation and Behr Paint Corporation are located at 3400 W. Segerstrom Ave., Santa Ana, California, 92704.

9.    Defendant Masco Corporation is a Delaware corporation, with its principal place of business in Michigan. Masco is located at 20001 Van Born Road, Taylor, Michigan, 48180. Masco acquired Behr Process Corporation in 1999. Masco conducts Behr-oriented marketing and sales operations in Santa Ana, California. Plaintiff refers to Behr Process Corporation, Behr Paint Corporation, and Masco Corporation collectively as "Behr."

10.    Defendant The Home Depot, Inc. is a Delaware corporation, with its principal place of business in Georgia. The Home Depot, Inc. is the parent company of Home Depot U.S.A., Inc. and describes itself in annual reports filed with the Securities Exchange Commission as the world's largest home improvement retailer.

11.    Defendant Home Depot U.S.A., Inc. is a Delaware corporation, with its principal place of business in Georgia. Home Depot U.S.A. operates as a subsidiary of The Home Depot, Inc.

{SSBLS Main Documents/8963/001/00682266-1 }
Page 3 -    **CLASS ACTION ALLEGATION COMPLAINT**
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

## COMMON FACTUAL ALLEGATIONS

I.     **Deck and Patio Restoration**

12.     Wooden decks and concrete surfaces are prone to wear and deterioration through exposure to the elements, which leads to scuffing, decay, cracking, and splinters. Periodic maintenance is needed to maximize the surfaces' useful life and to keep up their appearance.

13.     One way to maintain the surfaces is through application of coatings. Coatings include paints and stains that provide a thin decorative and protective barrier (with the stains actually soaking into the fibers themselves). Although paints and stains provide some surface protection, they typically do not improve the surfaces' condition (for example, by fixing cracks or splinters). Paints also need to be reapplied relatively often to maintain their cosmetic and protective benefits.

14.     An alternative coating, which is the focus of this case, is a relatively recent introduction to the marketplace: a protective, restorative coating, known as a resurfacer. Resurfacers are also painted onto surfaces and are typically marketed as providing substantially more benefits (at a greater cost) than paints and stains. Resurfacers are supposed to provide an attractive appearance akin to what a paint or stain would provide, but better preserve the surface by coating it in a significantly thicker protective barrier. The thicker coating provides the added benefit of filling in large cracks and encapsulating splinters. Resurfacers are designed and expected to last significantly longer than paints and stains, eliminating the need for regular maintenance while at the same time substantially extending the life of wood and concrete surfaces.

15.     Because of their expected added benefits, resurfacers typically cost substantially more than paints and stains. A consumer who spends the extra money to buy a resurfacer may be able to avoid replacing a deck or will have to devote less time and money to maintaining the deck in the years that follow.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

## II.    Behr DeckOver

16.    Behr manufactures a line of deck resurfacers: "Behr's Premium DeckOver." Behr officially introduced its Premium DeckOver product in the spring of 2013, claiming in a press release that DeckOver was an "advanced formula" that "revitalize[s] tired decks, patios, porches and even pool decks, and provides a budget-friendly unique solution that was previously unavailable to consumers." According to Scott Richards, Senior Vice President of Marketing at Behr Process Corporation, this product line was the culmination of "years of research and the latest technology."

17.    Richards described "easy application and durable protection against the elements, . . . allowing consumers to rejuvenate instead of replacing their decks or concrete surfaces." About a year later, Behr introduced a Textured DeckOver product.

18.    DeckOver is sold exclusively at Home Depot, both online and at retail locations.

## III.    Defendants' Marketing Campaign

19.    Since DeckOver was introduced, both Behr and Home Depot have marketed it as a durable and long-lasting alternative to paint and stains, capable of extending the life of surfaces.

20.    For example, Behr's website claims DeckOver creates a "[l]ong-lasting, durable finish" that "conceals cracks and splinters up to ¼"" and creates a smooth, slip-resistant finish that also resists cracking and peeling" with "excellent adhesion." It also describes DeckOver as "5x thicker than standard paints and stains."

{SSBLS Main Documents/8963/001/00682266-1 }

Page 5 -    **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

21.    Similar representations appear on the product's packaging:



The label states that DeckOver "Brings new life to old wood & concrete"; "Covers up to 75 Sq. Ft. in 2 Coats"; "Creates a Smooth, Slip-Resistant Finish"; and Conceals Splinters & Cracks up to ¼"."

{SSBLS Main Documents/8963/001/00682266-1 }

Page 6 - **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840



The label also represents:

• "Resists Cracking & Peeling";

• "Durable, Mildew Resistant Finish";

• "Waterproofing, Solid Color Coating";

• "Revives Wood & Composite Decks, Railings, Porches & Boat Docks";

• Great for Concrete Pool Decks, Patios & Sidewalks"; and

• "Interior/Exterior, 100% Acrylic Formula."

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

22.     Behr also airs television commercials advertising DeckOver. The DeckOver television commercials emphasize the same themes as can be found on DeckOver labeling and in-store displays: the ads feature people standing and dancing barefoot on decks, with a voiceover saying not to "let cracks and splinters spoil your fun" and promising DeckOver is "made-to-last," "extends the life of your deck," and is the "ultimate do-over for wood and concrete."

23.     Behr hosts a blog entitled "Colorfully Behr" at www.behr.com/colorfullybehr. A blog entry dated May 31, 2013, markets DeckOver: "excellent news if you have a wood deck that looks old and weathered, or a pool deck that's cracked and ugly, because you don't have to replace it anymore." In the comments portion on this DeckOver entry, Behr describes the "life expectancy" of DeckOver as "similar to a high quality solid color wood stain (typically 5-10 years on horizontal surfaces, 15-25 years on vertical surfaces)." Behr also states on Home Depot's website that DeckOver "can be expected to last as long as a high quality Solid Color Wood Stain," which is "5-10 years on horizontal surfaces and 15-25 years on vertical surfaces."

24.     Home Depot markets DeckOver in a virtually identical manner as Behr. On its website, Home Depot emphasizes the durability and restorative effects of DeckOver, claiming it "will bring your old, weathered wood or concrete back to life," that it will "create[] a durable coating on your tired deck, rejuvenating its look," and that it will "[b]ring new life to old, uninviting wood" and make your surfaces "like new," with a "refreshed look." Home Depot, like Behr, emphasizes that DeckOver "[r]esists cracking and peeling," "conceals splinters and cracks up to ¼ in," and is "waterproof[]," providing a "mildew resistant finish." In-store displays at Home Depot tout DeckOver's "long-lasting durability."

25.     Behr and Home Depot use these representations to charge more for DeckOver. Behr's overall marketing scheme focuses on DeckOver's superior durability compared to paints and stains and that it is an alternative to deck replacement (which is several times more

{SSBLS Main Documents/8963/001/00682266-1 }

Page 8 -   **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

expensive). DeckOver, compared to Behr and other companies' paints and stains, covers 3-5 times less area and yet is more expensive per gallon.

| Type | Behr Product | Coverage per gallon | Cost per gallon |
|------|--------------|---------------------|-----------------|
| Resurfacer | DeckOver | "75 sq. ft. in two coats" | $35 |
| Stain | DeckPlus Waterproofing Wood Stain | 250-300 sq. ft. first coat 500-600 sq. ft. second coat | $27 |
| Paint | Porch & Patio Floor Paint | 400 sq. ft. | $28 |

## IV.    As Defendants Know, DeckOver Is Not a Durable Alternative to Paints, Stains, and Other Resurfacers

26.    DeckOver is not capable of reliably coating wood and concrete surfaces for more than a short period of time. It routinely peels, bubbles, and degrades within months of application.

27.    Behr's website has received over 150 consumer complaints since summer 2013 concerning DeckOver's short-lived utility, the damage it causes to the surfaces to which it is applied, and the time and money spent to either rehabilitate or replace decks to which DeckOver was applied. In addition to on-line consumer complaints, Defendants have received countless formal warranty claims and complaints.   Several examples of the on-line   complaints are excerpted below:

- "I was extremely happy to hear the supposed benefits and ease of use of this new product. … The problem is that upon putting our furniture back on the deck, any slight movement scratches the finish back down to the bare wood. We hosted a party this weekend for 30 people and I now have 10 or so areas to touch up. With the cost and time spent dealing with this product, I expect years of normal wear and tear, not one week. We are disappointed and would recommend going a different route."—June 29, 2013

- "When it dried the deck looked like plastic rather than wood. And then when we placed the outdoor furniture back on the deck we found that the slightest movement of the chairs mars the deck finish. When the dog runs across the

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

deck her wet/muddy paws mark the deck. The Deck Over finish is too delicate for a deck. We are very disappointed with the product, with Behr and with Home Depot."—August 8, 2013

- "Don't waste your money on this product if you have an older deck with cracks. The coverage is not want [*sic*] the product advertised and the paint chips and scratches very easily. The product is way over priced. You would come out a lot better just to replace the decking boards."—September 9, 2013

- "Worst product ever! Waste of money! . . . I bought the Behr Deckover product in order to redo my deck. I did all the prep work the instructions stated to do . . . I did all of this in the summer of 2013. It is now February 2014. The product did not even last one year.the product is already peeling up off of the wood . . . I would have been better to re stain the deck rather than use this product. I will have to now re-sand all of this off and apply a coat of deck stain to protect the wood."—February 27, 2014

- "Peeling off after 8 months . . . I painted my deck in summer 2013, followed all instructions from the can. Just after 8 months my deck started to peel off. Now I have to spend money getting all my deck sanded to be able to get all this deck over removed.—March 10, 2014.



(Image from above review dated March 10, 2014)

- Peeled Badly . . . When I applied the Deck Over product, last summer, it looked beautiful. But now that winter has ended it's peeling and looks horrible. I've only had it down for 9 months and now I'm going to have to completely redo my deck. What an absolute mess!"—April 18, 2015

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

- "Peeling . . . Did not last one year and very difficult to work with. You need to offer total refunds at the very least. There is no way to return the time spent working with this garbage and no way to put a price on the stress caused when the peeling began after the snow melted."—May 10, 2015

- "I was so excited to try Deckover on my deck. The pictures made it look like an amazing product. I prepped and sanded the deck using Behr products as I wanted to make sure I applied everything correctly. After the snow melted this year over 50% of my deckover peeled right off. I am sad to say that splurging for the more expensive 'better' product certainly did not pay off for me. Product states it will last on a deck for up to 10 years yet it hasn't even lasted a full year on my deck. I am very disappointed in Behr and their deckover product"—May 12, 2015

- In less than a year of putting this Deck over on our deck, I started to see some bubbling starting along the trim boards of the deck. Not much longer and the whole deck showed signs of the bubbling and then complete peeling . . . This was intended as a hot tub deck but now it sits empty as we cannot afford to buy any other stain/paint. Plus take the time to peel all the defective Behr Deck over paint and put another cleaner on the deck."—October 27, 2016

- "Followed all the instructions . . . Started peeling after about 60 days to a point where large chunks were blowing off. Now comes the hard part of using sandpaper, sanding discs, chemicals, power washer, scrapers and anything else I can think of to remove what's left. Behr owes me 48 hours of my life back. Thank goodness I didn't do the railings and spindles!!!!!"—April 3, 2017

- "This is the worst product I have ever purchased. Advertised to bring back old wood to life, it ruined what old wood I had and caused me to replace my entire deck! Would NEVER recommend this product to anyone."—May 9, 2017

28.    The negative reviews on Behr's website are not prominently featured, particularly when compared to positive reviews. For example, when visiting the page for Behr Premium Deckover, Behr prominently lists the "Latest Featured Reviews" toward the top of the page in large font. Each of those reviews is positive in nature and is highlighted in large gold print. To locate the many negative reviews, on the other hand, it is necessary to either click to a separate webpage entirely, or to scroll toward the bottom of the page to an area that is not visible on most computer monitors and devices without scrolling down the webpage. Once near the bottom of

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

the page, it is possible to toggle from a "Product Usage" tab, which appears by default, to the "Ratings & Reviews" tab. Only after that toggle is it possible to see the negative reviews. An "Avg. Rating" appears toward the top of the page, but it is in smaller print than the featured reviews and is in black text, rather than the gold text of the featured reviews. Also of note, while Behr's website allows reviews of 1-, 2-, 3-, 4-, and 5-stars, the posted reviews do not show anything approaching a bell curve distribution. Instead, there are fewer 2-, 3-, and 4-star reviews combined than there are either 1- or 5-star reviews. One explanation for this would be that Behr or a surrogate has "stuffed the ballot box," by placing positive reviews to balance out the hundreds of negative reviews. This is a fairly common practice for websites that post customer reviews.

29.    Home Depot has also received hundreds of DeckOver complaints through its website:

- "Doing my deck over . . . Don't buy this product. I hope it holds up during the winter. Otherwise I'll be doing my deck over in the spring. It definitely will not be Behr's DeckOver or anything by Behr for that matter."-August 3, 2013

- "Peeling after 6 mos . . . I followed all of the directions & replaced all rotted deck boards. Deck over is peeling & bubbling all over my deck! A disaster"-May 14, 2014

- "Did not last a year . . . Labor intensive to install. did not hold up over northern Illinois winter. i would pass."-May 24, 2014

- "the worst stuff on the market, didn't last 3months and when I want my money back this paint is GARBAGE."-July 3, 2014

- "We used this product on an older deck, after buying our home. Spent tons of money and time on this project with Deck Over last fall, in September. It's only May, and the whole area is peeling off. Needs totally redone again, and it hasn't even been a year."-May 14, 2014

- "Worst product I have ever bought. We used over 6 gallons for our large deck. The sales person told us it would last 10 year. We followed the instructions exactly and within SIX months it was peeling! Not to mention it does not fill in cracks like promised."-June 3, 2015

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

- "We feel the product was misrepresented by Home Depot and Behr and therefore did not meet our expectations. It did not do a good job of covering the concrete surface of our lanai."-March 5, 2017

- "I should've read the reviews before using this product. We actually paid a professional to apply it to our deck. They followed all of the instructions and it looked great for about a month and then we had a few late spring snow storms not it is peeling right off the wood. It is starting to look terrible. What a waste of money!"-May 17, 2017

- "This paint is terrible!!! Did every step Bahr [sic] called for last summer 2016 to prep deck and paint with deck over. It is now April or 2017 and my deck is peeling badly. You can take the paint and peel it up like tape. Absolutely horrible. Spent 500.000 (sic) dollars and one week to paint deck and railings."-April 9, 2017.

- "Within 7 months this product will peal (sic) up. I have no idea why this product is still on the market. You will be scraping it off in a year. Don't waste your time or money on it."-June 6, 2016

- "Mine is bubbling up after ONE month. Applied exactly as specified. Horrible product."-October 1, 2016

- "HORRIBLE PRODUCT. I would never recommend this!!!!! . . . We spent so much money and time using a product that turned out to be an utter disaster. Home depot should have tested this product thoroughly . . . very laborious, not long lasting, deck looks worse since using product, does not hold up to normal weather conditions, high price for sub-par product."-May 1, 2014

- "This product is just awful, less than a year after application and my deck is peeling and the flakes of paint are literally covering my lawn and being tracked into the house. We followed all the manufacturer instructions on preparing the wood for this product but all that money and time we spent using this product was a waste. The worst part is now I have to try to fix it. Please, please save yourself and do not try this product!"-May 17, 2016

- "We purchased 3 cans and all the supplies needed. Followed the instructions to a tea. Looked great for a very short few months and peeled and chipped and now looks worse than it did before all my time, work, and money!! So. Mad!!"-May 15, 2015

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

- "after 6 months this is peeling . . . We are seniors that live on SS and bought this product for our deck. It was very expensive, but it was highly recommended and we used it as the directions recommended. We had a lot of snow and cold weather this year, but we thought this was the purpose of this product. We would never recommend this product."-March 20, 2015

30.    Like on the Behr website, the negative customer reviews of DeckOver on the Home Depot website are not prominent. On the Behr Premium Deckover page, for example, the reviews do not appear until the lower half of the page, which requires scrolling down well past what would be visible on the typical computer monitor or device. In addition, the reviews on Home Depot's website, like on Behr's, do not follow a bell curve distribution and instead are mostly 1- and 5-star reviews.

31.    It is common for manufacturers and sellers of consumer products to monitor media reports, internet forums, and other public reactions and treatment of their product. In May 2016, CBC News published an article entitled: "Behr Deckover subject of customer complaints over peeling paint; Company removed Facebook page with numerous complaints after CBC inquiry." The article describes, among others, homeowner Paul Rhyno, who first used DeckOver in 2014. But "[w]ithin about three months after [Mr. Rhyno] put it on, it started peeling off in big swaths and bubbling." He tried again the following year but got the same results. The article contains photographs of Mr. Rhyno's damaged deck:

32.    Like on the Behr website, the negative customer reviews of DeckOver on the Home Depot website are not prominent. On the Behr Premium Deckover page, for example, the reviews do not appear until the lower half of the page, which requires scrolling down well past what would be visible on the typical computer monitor or device. In addition, the reviews on Home Depot's website, like on Behr's, do not follow a bell curve distribution and instead are mostly 1- and 5-star reviews.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

33.    It is common for manufacturers and sellers of consumer products to monitor media reports, internet forums, and other public reactions and treatment of their product. In May 2016, CBC News published an article entitled: "Behr Deckover subject of customer complaints over peeling paint; Company removed Facebook page with numerous complaints after CBC inquiry." The article describes, among others, homeowner Paul Rhyno, who first used DeckOver in 2014. But "[w]ithin about three months after [Mr. Rhyno] put it on, it started peeling off in big swaths and bubbling." He tried again the following year but got the same results. The article contains photographs of Mr. Rhyno's damaged deck:





{SSBLS Main Documents/8963/001/00682266-1 }

Page 15 - **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

34.    Negative consumer reactions to Behr's DeckOver can also be found elsewhere across the internet. For example, about 100 customers have written complaints about DeckOver on pissedconsumer.com, including the following:

- "I applied deckover last fall and now it is all peeling off and my deck looks worse than when I first did it. I am very disappointed in this product. I spent well over a hundred dollars on this product . . . I thought it was guaranteed to last up to 10 years."—May 15, 2015

- "I spent a great deal of money painting two decks with this garbage. One year later it is peeling off everywhere . . . I now am having to replace several rotted boards, pay for pressure washing again and when cured, repainted. It will obviously cost me more to fix the problem than when I initially paid to have the deck painted, as I am sure a lot of scraping will also have to be done."—October 19, 2016

- "I had this product put on my deck last fall and it began to peel by spring. Now I have multiple places that the deck over has completely peeled off . . . It's a shame you pay hat [sic] much for a product that does not last one year."—December 30, 2016.

35.    Based on information and belief, Behr also researched and tested DeckOver before beginning to sell it. Given how quickly it becomes apparent that DeckOver is not capable of performing as a durable alternative coating on wood and concrete surfaces, Behr certainly discovered that DeckOver begins to peel, chip, bubble, and crack within months of application before introducing DeckOver to the market

36.    After it went on the market, complaints were widespread and persistent: Defendants have received phone calls and emails complaining about DeckOver, and consumers have been uploading negative reviews of DeckOver on Behr's own website, Home Depot's own website, and elsewhere since summer 2013. Behr reviews the complaints on these websites and has responded to some of them. The complaints on these websites are not prominent. For example, Behr highlights on its DeckOver product page the "Latest Featured Reviews" which consists of four and five star reviews, but only through scrolling well down the page or clicking

{SSBLS Main Documents/8963/001/00682266-1 }

Page 16 - **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

to a separate webpage is it revealed that there are hundreds of negative reviews. Likewise the reviews on Defendants' websites do not follow a bell curve distribution and instead are mostly 1- and 5-star reviews. In addition, there is at least one report by the media that Behr removed online complaints on its own Facebook page containing DeckOver complaints.

37.     Fixing the damage to one's deck that results from applying DeckOver is difficult and costly. As the reviews above describe, DeckOver cracks, peels, bubbles, and chips, exposing the underlying surface to the elements. All these forms of exposure both fail to protect wood from precipitation and trap water onto wooden boards underneath the DeckOver that remains, causing mildew and rot. Repairing loose areas in patches does not solve these problems as other areas of DeckOver will inevitably loosen. Full removal of DeckOver requires stripping the deck and reapplying a protective coating, which takes hours. Given how costly it is to remove DeckOver, re-prepare the surface, and re-coat it, some deck owners resort to replacing their decks entirely.

38.     Ignoring its deficiencies and the large amount of claims and complaints is has received, Defendants continue to sell DeckOver, continue to market it as "durable," "long-lasting," and an alternative to replacing one's deck, and do not warn customers beforehand that the product fails after only a few months, often leaving the surface looking worse than before DeckOver was applied.

39.     As a result, consumers continue to spend hundreds of dollars purchasing and applying DeckOver, and spend time and money removing and replacing DeckOver when it peels, bubbles, chips, cracks, discolors, and damages their decks.

**PLAINTIFF'S EXPERIENCES:**

40.     In the Spring of 2016, Plaintiff Michael Leiker purchased multiple 5 gallon containers of Behr DeckOver paint product from a Home Depot store. Pre-purchase, Mr. Leiker spoke with a Home Depot sales representative and viewed an in-store advertisement. Mr. Leiker

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

chose DeckOver, in part, because the marketing materials led him to believe it was a long-lasting good product.

41.    Mr. Leiker applied the DeckOver to his deck in Spring of 2016. He carefully reviewed the application instructions on the label prior to applying DeckOver, and applied the product as instructed. Within a few months, the DeckOver began to bubble and pull off the wood surfaces, and cracks appeared in the coating. Soon after, the DeckOver was peeling off in large strips, completely exposing the wood underneath.

42.    Had Mr. Leiker known that DeckOver was incapable of providing durable surface coating, he would not have purchased or used the product.

43.    Mr. Leiker continues to own a home, located in Rainier, Oregon, with wooden surfaces outside and reasonably intends to continue to maintain those surfaces in the years to come, including by purchasing resurfacers or other coatings. He is concerned that without an injunction forcing Behr and Home Depot to disclose which resurfacers are incapable of providing a long-lasting, durable finish, that he and others may again fall victim to purchasing and overpaying for resurfacers like DeckOver which crack and peel within a year of application.

## CLASS ACTION ALLEGATIONS

44.    This action is brought and may be maintained under Fed. R. Civ. P. 23 as a class action.

45.    Plaintiff seeks to represent the following Class:

Oregon Class: All Oregon residents who purchased a Behr Premium DeckOver product.

46.    Excluded from the class are: (1) Defendants, and any entity in which Defendants have a controlling interest or which have a controlling interest in Defendant; (2) Defendants' legal representatives, assigns and successors; (3) the judge(s) to whom this case is assigned, his

{SSBLS Main Documents/8963/001/00682266-1 }

Page 18 - **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

or her spouse, and members of the judge's staff; and (4) anyone who purchased DeckOver for resale.

47.    Plaintiff and class members seek relief under Rule 23(b)(2). The injunctive relief Plaintiff and class members seek is a significant reason for bringing this case and, on its own, justifies the prosecution of this litigation. Plaintiff and class members also seek relief under Rule 23 (b)(3) and/or (c)(4).

48.    **Numerosity**: Behr has manufactured, and Home Depot has sold, DeckOver to dozens of proposed class members. Members of the proposed class are thus too numerous to practically join in a single action. Class members may be notified of the pendency of this action by mail, supplemented by published notice (if deemed necessary or appropriate by the Court).

49.    **Commonality and Predominance**: Common questions of law and fact exist as to all proposed class members and predominate over questions affecting only individual class members. These common questions include whether:

a.    Defendants marketed DeckOver as a durable resurfacer capable of providing long-lasting protection for wood and concrete surfaces;

b.    DeckOver is a durable resurfacer and is capable of providing long-lasting protection for wood and concrete surfaces, or if instead, is prone to promptly peeling, chipping, bubbling, and degrading within months of application;

c.    Defendants' marketing of DeckOver was false, deceptive, and misleading to reasonable consumers;

d.    Defendants knew DeckOver was not a durable resurfacer capable of providing long-lasting protection for wood and concrete surfaces and is instead susceptible to peeling, chipping, bubbling, and degrading within months of application;

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

e.     DeckOver's propensity to peel, chip, bubble, and generally degrade within months of application, rather than provide long-lasting protection for wood and concrete surfaces, would be important to a reasonable consumer;

f.     Defendants failed to disclose DeckOver's propensity for peeling, chipping, bubbling, and degrading within months of application; and

g.     Whether Defendants' conduct violates Oregon consumer protection statutes.

50.    **Typicality**: Plaintiff's claims are typical of the claims of the proposed class. Plaintiff and the members of the proposed class all purchased DeckOver, giving rise to substantially the same claims.

51.    **Adequacy**: Plaintiff is an adequate representative of the proposed class because his interests do not conflict with the interests of the members of the class that he seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation, and will prosecute this action vigorously on class members' behalf.

52.    **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendants economically feasible. Even if class members themselves could afford such individualized litigation, the court system could not. In addition to the burden and expense of managing many actions arising from this issue, individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

53.     In the alternative, the proposed class may be certified pursuant to Rule 23(b)(1) because:

a.     The prosecution of separate actions by the individual members of the proposed class would create a risk of inconsistent adjudications, which could establish incompatible standards of conduct for Defendants; and

b.     The prosecution of individual actions could result in adjudications, which, as a practical matter, would be dispositive of the interests of non-party class members or which would substantially impair their ability to protect their interests.

## TOLLING OF STATUTES OF LIMITATIONS

54.     <u>Discovery Rule</u>: Plaintiff and class members' claims accrued upon discovery that DeckOver is not a durable resurfacer and is not capable of providing long-lasting protection for wood and concrete surfaces, but is instead prone to promptly peeling, chipping, bubbling, and degrading within months of application. While Defendants knew, and concealed, these facts, Plaintiff and class members could not and did not discover these facts through reasonable diligent investigation until after they experienced the aftermath of DeckOver application and learned that the problem was not isolated to their DeckOver.

55.     <u>Active Concealment</u>: Any statutes of limitations are tolled by Defendants' knowing and active concealment of the facts set forth above. Defendants kept Plaintiff and all class members ignorant of vital information essential to the pursuit of their claim, without any fault or lack of diligence on the part of Plaintiff. The details of Defendants' efforts to conceal its above-described unlawful conduct are in its possession, custody, and control, to the exclusion of Plaintiff and class members, and await discovery. Plaintiff could not have reasonably discovered these facts, nor that Defendants failed to disclose material facts concerning its performance

56.     <u>Estoppel</u>: Defendants were and are under a continuous duty to disclose to Plaintiff and all class members the true character, quality, and nature of DeckOver. At all relevant times,

{SSBLS Main Documents/8963/001/00682266-1 }

Page 21 - **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

and continuing to this day, Defendants knowingly, affirmatively, and actively concealed the true character, quality, and nature of DeckOver. The details of Defendants' efforts to conceal its above-described unlawful conduct are in its possession, custody, and control, to the exclusion of Plaintiff and class members, and await discovery. Plaintiff reasonably relied on Defendants' active concealment. Based on the foregoing, Defendants are estopped from relying on any statutes of limitation in defense of this action.

57.     Equitable Tolling: Defendants took active steps to conceal and misrepresent material facts relating to DeckOver's performance. The details of Defendants' efforts are in its possession, custody, and control, to the exclusion of Plaintiff and class members, and await discovery. When Plaintiff learned about this material information, he exercised due diligence by thoroughly investigating the situation, retaining counsel, and pursuing their claims. Should such tolling be necessary, therefore, all applicable statutes of limitation are tolled under the doctrine of equitable tolling.

## FIRST CLAIM FOR RELIEF

### Strict Products Liability

### (On Behalf of the Oregon Class Against the Behr Defendants)

58.     Plaintiff re-alleges and incorporates by reference each of the paragraphs above. This claim for relief is brought against the Behr Defendants on behalf of all Class members.

59.     The DeckOver products manufactured and sold by the Behr Defendants were defective, as set forth herein, at the time they were purchased and applied on Plaintiff's and Class members' structures. The DeckOver products were intended to and did reach Plaintiff and Class members without substantial change from the condition in which they were manufactured and sold.

60.     The DeckOver products were and are defective as a consequence of design flaws. As a consequence of its design flaws, the DeckOver product is and was unreasonably dangerous

{SSBLS Main Documents/8963/001/00682266-1 }

Page 22 - **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

to the structures in which it was installed because it prematurely chips, peels, flakes, and delaminates. This design flaw causes the DeckOver to fail to perform as intended and as warranted, and such failures, rot, and deterioration have led, and will continue to lead, to water intrusion and other related damages to Plaintiff's and Class members' structures.

61.     The DeckOver products were and are dangerous to an extent beyond that which would be contemplated and expected by the ordinary consumer purchasing such products with the ordinary knowledge common to the community as to its characteristics.

62.     It was foreseeable, expected, and intended that the DeckOver products would be applied to the exterior of Plaintiff's and Class members' structures and that the DeckOver would be used for its intended purpose.

63.     Defendants' defective DeckOver products were the foreseeable and proximate cause of extensive property damage to Plaintiff's and Class members' structures. As such, Plaintiff and Class members seek damages for the cost of replacing their defective DeckOver product with a product that will protect Plaintiff's and Class members' exterior structures, as well as any consequential and incidental damages arising therefrom.

64.     Plaintiff and Class members have sustained, are sustaining, and will sustain damages and losses as alleged herein.

## <u>SECOND CLAIM FOR RELIEF</u>

### Negligence

### (On Behalf of the Oregon Class Against All Defendants)

65.     Plaintiff re-alleges and incorporates by reference each of the paragraphs above. This claim for relief is brought against Defendants on behalf of all Class members.

66.     Defendants designed, manufactured, marketed, and sold the DeckOver products that were installed in and to the exterior of Plaintiff's and Class members' structures.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

67.     Defendants owed Plaintiff and Class members, as foreseeable future plaintiffs, a duty to use reasonable care to design, develop, test, manufacture, distribute, market, and sell a non-defective product.

68.     Defendants also owed Plaintiff and Class members a duty of care to warn them of the defects associated with their DeckOver products.

69.     Defendants breached their duty of care by negligently selecting materials for designing, developing, testing, distributing, marketing, and selling the defective DeckOver products.

70.     Defendants were aware, or reasonably should have been aware, that their DeckOver product was defective.

71.     When purchasing Defendants' DeckOver products, Plaintiff, Class members, and/or their contractors and architects were unaware of the products' defective nature.

72.     It was foreseeable that Defendants' DeckOver products would be applied to the exterior of Plaintiff's and Class members' structures, that the product would fail, and that Plaintiff and Class members would therefore be injured by the resulting water intrusion and property damage.

73.     The failing DeckOver product on Plaintiff's structure has resulted in damages not only to the DeckOver product, but also to the structure on which the DeckOver product is applied. The structure has sustained significant water damage and various portions of the structure are rotting as a result of the defective DeckOver products applied to on Plaintiff's structure.

74.     As a direct and proximate result of Defendants' negligence, Plaintiff and Class members have sustained, are sustaining, and will sustain damages and losses as alleged herein.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

## THIRD CLAIM FOR RELIEF

### Breach of Express and Implied Warranties

### (On Behalf of the Oregon Class Against All Defendants)

75.     Plaintiff re-alleges and incorporates by reference each of the paragraphs above. This claim for relief is brought against Defendants on behalf of all Class members.

76.     Defendants designed, developed, tested, manufactured, distributed, marketed, and sold the DeckOver product for purposes of its eventual sale to end users and application on homes, apartments, buildings, and other structures.

77.     Further, Defendants made the previously described express affirmations, statements, assertions, and representations concerning their DeckOver product's quality, in its marketing and advertising materials, in order to induce consumers, including Class members and/or their contractors and architects, to purchase their DeckOver product. Such affirmations constitute express warranties pursuant to ORS 72.3150.

78.     Defendants made the following affirmations of fact, descriptions, and promises regarding their DeckOver Product, to Class members and their contractors and architects, in marketing materials made available to consumers such as Class members and/or their contractors and architects: Defendants represented that DeckOver was "[l]ong-lasting, durable finish," "conceals cracks and splinters up to ¼"" and "creates a smooth, slip-resistant finish that also resists cracking and peeling" with "excellent adhesion." Defendants also falsely advertised that DeckOver "Resists Cracking & Peeling"; is a "Durable, Mildew Resistant Finish"; is suitable for "Waterproofing, Solid Color Coating"; "Revives Wood & Composite Decks, Railings, Porches & Boat Docks"; is "Great for Concrete Pool Decks, Patios & Sidewalks," and has a life expectancy of 5 to 25 years. These representations constitute express warranties and became part of the basis of the bargain between Plaintiff and the members of the Oregon Class, on the one hand, and the Defendants, on the other.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

79.    Plaintiff and Class members, and/or their contractors and architects, relied on Defendants' representations regarding the durability and quality of their DeckOver product, as well as the existence of Defendants' warranty.

80.    Defendants' affirmations became the basis of the bargain when Plaintiff and Class members, and/or their contractors and architects, purchased DeckOver product.

81.    Defendants' DeckOver product failed and thus Defendants breached their express warranty because as alleged above, DeckOver is prone to promptly peeling, chipping, bubbling, and degrading within months of application. Consequently, Defendants breached Oregon's express warranty law, ORS 72.3130.

82.    Defendants impliedly warranted pursuant to ORS 72.3140 and ORS 72.3150 that their DeckOver product passed without objection in the trade and was fit for the particular purposes for which it is used.

83.    Specifically, Plaintiff, the class, and their contractors and/or architects relied upon Defendants' representations alleged above as the basis for the purchase of Defendants' DeckOver product.

84.    Defendants knew and/or should have known that their DeckOver product was not merchantable at the time of sale, was not of acceptable quality and was not generally fit for the particular purpose for which it was intended to be used and did not pass without objection in the trade, as it was manufactured with an inherent defect that Defendants should have known would cause it to fail.

85.    Defendants knew and/or should have known that their DeckOver product would reach the end user without substantial change and in the condition in which it was sold.

86.    Defendants' DeckOver product is not suitable for its particular purpose and ordinary and intended use, given that it cannot withstand normal weather conditions and absorbs water and moisture, which cause it to prematurely deteriorate, rot, and decay.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

87.    But for Defendants' conduct alleged herein, and their breach of express and implied warranties, Plaintiff and Class members would not have suffered the damages and losses alleged herein.

88.    As a direct and proximate result of Defendants' breach of express and implied warranties, Plaintiff and Class members have sustained, are sustaining, and will sustain damages and losses as alleged herein.

89.    Plaintiff and Class members have been damaged by Defendants' breach of express and implied warranties, having unknowingly purchased a product that deteriorates prematurely and fails to perform as Defendants promised. Plaintiff and Class members have incurred, or will be forced to incur, unanticipated expenses associated with replacing Defendants' product, along with sustaining consequential damages caused by Defendants' product.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff requests that the Court enter a judgment awarding the following relief:

a.    An order certifying the proposed class and appointing Plaintiff counsel to represent the class;

b.    An order awarding Plaintiff and the class members their actual damages, treble damages, and/or any other form of monetary relief provided by law;

c.    An order awarding Plaintiff and the class restitution, disgorgement, or other equitable relief as the Court deems proper;

d.    An order enjoining Defendants from their unlawful conduct;

e.    An order awarding Plaintiff and the class pre-judgment and post-judgment interest as allowed under the law;

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

f.    An order awarding Plaintiff and the class reasonable attorneys' fees and costs of

suit, including expert witness fees; and

g.    An order awarding such other and further relief as this Court may deem just and

proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so properly triable thereby.

DATED this 29th day of November, 2017.

STOLL STOLL BERNE LOKTING &
SHLACHTER P.C.


By: s/Steve D. Larson
     **Steve D. Larson**, OSB No. 863540

209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone:  (503) 227-1600
Facsimile:  (503) 227-6840
Email:        slarson@stollberne.com

-and-

**Michael McShane** (to be admitted *pro hac vice*)
**S. Clinton Woods** (to be admitted *pro hac vice*)
**Ling Y. Kuang** (to be admitted *pro hac vice*)
AUDET & PARTNERS, LLP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone:  (415) 568-2555
Facsimile:  (415) 568-2556
Email:        mmcshane@audetlaw.com
                 cwoods@audetlaw.com
                 lkuang@audetlaw.com

-and-

{SSBLS Main Documents/8963/001/00682266-1 }
Page 28 - **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

**Charles E. Schaffer** (to be admitted *pro hac vice*)
LEVIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: (215) 592-4663
Facsimile: (215) 592-1500
Email:       cschaffer@lfsblaw.com

-and-

**Charles LaDuca** (to be admitted *pro hac vice*)
CUNEO GILBERT & LADUCA LLP
4725 Wisconsin Avenue, NW
Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
Facsimile: (202) 789-1813
Email:       charles@cuneolaw.com

-and-

**Melissa S. Weiner** (to be admitted *pro hac vice*)
HALUNEN LAW
80 South 8th Street
IDS Center
Suite 1650
Minneapolis, MN 55402
Telephone: (612) 548-5286
Facsimile: (612) 605-4099
Email:       weiner@halunenlaw.com

Attorneys for Plaintiff

{SSBLS Main Documents/8963/001/00682266-1 }

Page 29 - **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840